UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
GERARDO A. PORTILLO,                )
                                    )
        Petitioner,                 )
                                    )   Civil Action
v.                                  )   No. 20-10679-PBS
                                    )
STEVEN J. SOUZA, Superintendent,    )
Bristol County House of             )
Corrections.                        )
                                    )
        Respondent.                 )
_____ )

**MEMORANDUM AND ORDER**

May 4, 2020

Saris, D.J.

**INTRODUCTION**

Petitioner Gerardo A. Portillo brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in Reid v. Donelan, 390 F. Supp. 3d 201 (D. Mass. 2019). Portillo argues that his mandatory detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged and that he is entitled to a bond hearing before an immigration judge.

For the reasons stated below, the Court hereby **ALLOWS** the petition (Docket No. 1) and **ORDERS** that Petitioner receive, within seven calendar days, a bond hearing that complies with the requirements of the permanent injunction in Reid.

1

**LEGAL STANDARDS**

Under 8 U.S.C. § 1226(c), the Government "shall take into custody" any noncitizen who is inadmissible or deportable based on a conviction for "certain crimes of moral turpitude, controlled substance offenses, aggravated felonies, firearm offenses, or acts associated with terrorism." Reid, 390 F. Supp. 3d at 213 (quoting 8 U.S.C. § 1226(c)(1); Gordon v. Lynch, 842 F.3d 66, 67 n.1 (1st Cir. 2016)). The statute does not allow for conditional release on bond, except in the limited circumstance of witness protection. See 8 U.S.C. § 1226(c)(2).

Nonetheless, "mandatory detention under § 1226(c) without a bond hearing violates due process when an alien's individual circumstances render the detention unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

In Reid v. Donelan, this Court certified a class of "[a]ll individuals who are or will be detained within the Commonwealth of Massachusetts or the State of New Hampshire pursuant to 8 U.S.C. § 1226(c) for over six months and have not been afforded an individualized bond or reasonableness hearing." No. 13-30125-PBS, 2018 WL 5269992, at *8 (D. Mass. Oct. 23, 2018). Pursuant to this Court's subsequent declaratory judgment, any member of the Reid class may "bring a habeas petition in federal court to

challenge his detention as unreasonably prolonged." Reid, 390 F. Supp. 3d at 227.

The reasonableness of a petitioner's continued detention without a bond hearing under § 1226(c) must be analyzed on a case-by-case basis. See id. at 219. The following nonexclusive factors are relevant in determining the reasonableness of continued mandatory detention:

> [T]he total length of the detention; the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); the period of the detention compared to the criminal sentence; the promptness (or delay) of the immigration authorities or the detainee; and the likelihood that the proceedings will culminate in a final removal order.

Id. (citation omitted).

Of these factors, the length of the petitioner's detention is "the most important." Id. Mandatory detention is "likely to be unreasonable if it lasts for more than one year during removal proceedings before the agency, excluding any delays due to the alien's dilatory tactics." Id. Detention of less than one year may be unreasonable "if the Government unreasonably delays or the case languishes on a docket." Id. at 220.

If a petitioner's mandatory detention has been unreasonably prolonged, the petitioner "is entitled to a bond hearing before an immigration judge." Id. At that hearing,

> [T]he Government [must] prove that the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence. The immigration

3

    court may not impose excessive bail, must evaluate the alien's ability to pay in setting bond, and must consider alternative conditions of release such as GPS monitoring that reasonably assure the safety of the community and the alien's future appearances.

Id. at 228.

## FACTS[1]

### I. Pre-Detention Background

Portillo is a native and citizen of El Salvador. He entered the United States on or about March 1, 1991. On June 3, 2003, Portillo was granted a green card pursuant to the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). On March 10, 2020, his status was re-adjusted to lawful permanent resident. Portillo is married to a United States citizen and has a United States citizen child.

Portillo has had thirty encounters with law enforcement between 2007 and 2019. Although many of the charges were dismissed, Portillo's arrests include charges for assault and battery, assault and battery with a dangerous weapon, assault and battery on a family/household member, witness intimidation, malicious destruction of property, unarmed robbery, resisting arrest, attempting to commit a crime, receiving stolen property, and disorderly conduct.

---

[1] As the parties have not contested any facts asserted in the papers, the Court takes all facts alleged as true.

Portillo's convictions include dual 2007 convictions for possession of a class D controlled substance and being a minor in possession of alcohol; a 2012 conviction for disorderly conduct; and 2014 convictions for possession of a firearm with a defaced serial number, assault and battery on a child with injury, and three counts of possession of a firearm without an FID card. As a result of the 2014 convictions, Portillo was sentenced to 364 days suspended, with 6 months committed.

In addition, Portillo has had two civil restraining orders issued against him by different women alleging domestic violence.

However, mitigating this lengthy criminal record is the opinion issued by the Immigration Judge, Todd Masters, on March 10, 2020. Judge Masters heard testimony from Portillo, his friends and family, and Dr. Naomi Azar who diagnosed Portillo with major depressive disorder and symptoms of post-traumatic stress disorder ("PTSD") resulting from the sudden death of Portillo's infant son. In addition, Portillo's sister Jocelyne testified regarding the incident which led to Portillo's charge for assault and battery on a child, in which Portillo threw a chair that struck another of his sisters. Jocelyne emphasized that the injury was wholly accidental, and that Portillo would never intentionally harm her. Moreover, the Portillo's sister who was struck by the chair, Marisela, submitted a written

affidavit indicating that her injury was an accident and that Portillo never meant to hurt her. After the hearings concluded, Immigration Judge Masters found that:

> the Respondent has demonstrated that he merits a favorable exercise of discretion, as detailed in the preceding analysis. As discussed, the Court acknowledges the Respondent's lengthy and troubling criminal history. While the Court does not condone the Respondent's actions which led to his numerous charges and arrests, the Court is convinced that the Respondent demonstrated sincere remorse regarding these incidents, and that he has presented a concrete plan for serious mental health treatment and rehabilitation to address his challenges with PTSD and substance abuse. The Respondent repeatedly stressed his commitment to his treatment plan and his desire to better himself for the sake of his wife and daughter.

Docket No. 1-1 at 11.

## II. **Immigration Detention and Proceedings**

Portillo has been held in immigration detention since January 14, 2019.

On April 13, 2017, the Department of Homeland Security ("DHS") initiated removal proceedings against Portillo pursuant to 8 U.S.C. § 1227(a)(2)(C) based on his 2014 conviction for Possession of a Firearm with Defaced Number. Portillo moved to terminate, and on June 5, 2017, his motion was granted and the case was terminated.

DHS filed a motion to reconsider the termination of proceedings which the Court granted on June 27, 2017. On April 8, 2019, Portillo filed form EOIR-42A, Application for Cancellation of Removal for Certain Permanent Residents. On July

26, 2019, the Court held a merits hearing on the cancellation application. On August 30, 2019, DHS moved to pretermit Portillo's application on the basis that Portillo had previously been granted cancellation of removal under NACARA. On October 18, 2019, the court granted DHS's motion to pretermit.

On October 14, 2019, Petitioner's U.S. Citizen wife filed a Form I-130, Petition for Alien Relative, on Petitioner's behalf, which was approved on November 26, 2019. On December 17, 2019, Petitioner filed Form I-485, Application to Register Permanent Residence or Adjust Status, as well as Form I601, Application for Waiver of Grounds of Inadmissibility.

The Immigration Court convened merits hearings on the Petitioner's Adjustment of Status Application and Waiver of Inadmissibility on December 23, 2019 and again on February 25, 2020. On March 10, 2020, the Immigration Judge granted the Petitioner's applications. Immigration and Customs Enforcement ("ICE") filed a timely appeal with the Board of Immigration Appeals ("BIA") on April 3, 2020. The appeal remains pending. On April 15, 2020, ICE filed a motion to expedite.[2]

---

[2] Portillo is a member of a putative class action certified by U.S. District Court Judge William Young on April 8, 2020. Civil Action No. 20-10617-WGY. The class action challenges the continued confinement of individuals detained by Immigration and Customs Enforcement ("ICE") on civil immigration charges and held at the Bristol County House of Corrections ("BCHOC") in North Dartmouth, Massachusetts where they are at increased risk

**DISCUSSION**

Petitioner argues he is entitled to a bond hearing before an immigration judge because his mandatory detention is "unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

I.   **Length of Detention**

The length of a petitioner's mandatory detention is "the most important factor" in determining its reasonableness. Id. Detention of over a year is "likely to be unreasonable," but "[p]eriods of detention directly attributable to an alien's dilatory tactics should not count in determining whether detention has exceeded the one-year mark." Id. at 219-20. The Court begins by determining whether Petitioner's detention has exceeded the one-year mark.

Here, Portillo has been incarcerated for well over one year, having passed the one-year mark on January 14, 2020. Respondent argues that the delay is due to Portillo's "criminal conduct and lengthy pursuit of administrative remedies." Docket No. 7 at 9. However, criminal conduct is not a "dilatory tactic," and nothing in the record supports the conclusion that

---

of contracting COVID-19. Judge Young is considering bail applications on behalf of class members individually but has not yet considered a bail application on behalf of Portillo.

Portillo's pursuit of administrative remedies was for the purpose of delay. On the contrary, the delay was caused by many court-ordered hearings which culminated in Immigration Judge Masters granting Portillo's Application for Adjustment of Status and Waiver of Inadmissibility on March 10, 2020.

Petitioner's detention has exceeded one year, and he has not engaged in dilatory tactics, making it "likely" that his continued detention is unreasonable. Id. at 219.

## II. Other Relevant Factors

In assessing the reasonableness of Petitioner's mandatory detention, the Court also considers "[1] the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); [2] the period of the detention compared to the criminal sentence; . . . and [3] the likelihood that the proceedings will culminate in a final removal order." Reid, 390 F. Supp. 3d at 219 (numbering added).

Here, ICE lodged its appeal with the BIA on April 3, 2020 and filed a motion to expedite on April 15, 2020. However, the Court has no knowledge that the motion was granted or that a briefing schedule has been set. Therefore, it is not likely that proceedings will conclude in the near future. Furthermore, Portillo's immigration detention of fifteen months far exceeds the six-months committed sentence he was given for his sole deportable conviction. Finally, Immigration Judge Masters's

March 10, 2020 written opinion granting Portillo's Application was thorough and thoughtful and addressed Portillo's credibility and corroboration, his challenges with substance abuse and mental health as they relate to his criminal history, and the hardship his family would endure if he were to be deported. Given these findings, it is likely that Portillo will be successful on the merits on appeal with the BIA. As all Reid factors weigh strongly in Portillo's favor, the Court concludes that Portillo's mandatory detention without a bond hearing has become unreasonably prolonged.

Notably, the Reid analysis does not consider whether a petitioner is likely to be successful in his application for bond. Portillo's criminal history contains numerous allegations of and convictions for violent behavior, and "an immigration judge is under no obligation to release a criminal alien deemed to be dangerous or a risk of flight under the [proper] burden and standard of proof." Reid, 390 F. Supp. 3d at 220. It will be up to an immigration judge to determine whether any conditions of release can "reasonably assure the safety of the community" considering Portillo's violent criminal history. Id. at 225. If Portillo is denied bond, he may move to reopen this petition to allow the Court to consider his due process claims related to his asthma and conditions related to the current COVID-19 pandemic.

**CONCLUSION**

Portillo's mandatory detention under 8 U.S.C. § 1226(c) has been unreasonably prolonged and he is therefore entitled to a bond hearing before an immigration judge. The petition for a writ of habeas corpus, Docket No. 1, is accordingly **ALLOWED**.

The Court **ORDERS** that Portillo receive, within seven calendar days, a bond hearing that complies with the requirements of the permanent injunction in Reid v. Donelan, 390 F. Supp. 3d 201, 228 (D. Mass. 2019).

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge